THE STATE v. CHARLES H. HANSON.
SAME v. SAME AND BEVERIDGE.

An indictment, under Art. 399 of the Penal Code, which alleges that the defendant did " publish an indecent and obscene newspaper, called ' John Donkey,' manifestly designed to corrupt the morals of the youth of said county," is not sufficient. It must set forth wherein the alleged indecency and obscenity consists.

APPEAL from Galveston.    Tried below before the Hon. Peter W. Gray.

This was an indictment for publishing an indecent and obscene newspaper, designed to corrupt the morals of youth. The defendant filed an exception to the indictment, that it did not

appear from. the face of the same, that any offence against the law had been committed by the defendant, and for other grounds. So much of the indictment as is material to a proper understanding of the case, is set forth in the opinion. The exception was sustained.

The opinion in this case, applies also to the case of The State v. Hanson and Beveridge.

*Attorney-General,* for the appellant.

*Allen & Hale,* for the appellee.

ROBERTS, J.—The indictment charges, that the defendant did "publish an indecent and obscene newspaper, called 'John Donkey,' manifestly designed to corrupt the morals of the youth of said county." Upon exceptions, it was held insufficient.

It is enacted, that "if any person shall make, publish, or print, any indecent and obscene print, picture, or written composition, manifestly designed to corrupt the morals of youth, he shall be fined," &c. (Penal Code, Art. 399.) "The offence must be set forth in plain and intelligible words." (Code Crim. Proc. Art. 395.) "The certainty required in an indictment, is such as will enable the accused to plead the judgment that may be given upon it, in bar of any prosecution for the same offence." (Id. Art. 398.)

The plain inference, from the words used in the indictment, is, that the newspaper contained a "printed or written composition," that was indecent and obscene. The composition, or print, should have been set out, or such description given of it, as that the court could judge of its character, in reference to the alleged indecency and obscenity. Without this, the particular offence intended to be charged, amidst the various offences of this class, would not be identified, so as to enable the defendant to know what he had to meet; and after a conviction, or acquittal, on this charge, to plead it in bar of another prosecution for the same offence. This may be rendered obvious by the

question, what is the nature of the indecency and obscenity intended to be charged? The indictment does not identify it, in any way whatever.

Judgment affirmed.