SAMUEL McNAIR

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

89  441
160  584
―――――――
89  441
60a 131
―――――――
89  441
65a 495
―――――――
89  441
80a  43
―――――――
89    441
89a ³278
―――――――
89    441
189  ³171
―――――――
89    441
110a ³262

1. CRIMINAL LAW—*indictment for printing, etc., of obscene pamphlet.* An indictment framed under section 223 of the Criminal Code, for printing, having in possession and giving away an obscene and indecent pamphlet, must set out the supposed obscene matter, unless the publication is in the hands of the defendant, or out of the power of the prosecution, or the matter is too gross and obscene to be spread on the records of the court,—either of which facts, if existing, should be averred as an excuse for failing to set out the obscene matter.

2. Whether matter published is obscene or not, is a question of law and not of fact, and that question is for the court to determine, and not the jury.

3. SAME—*indictment as describing offense.* The offense charged, whether in the language of the statute, or so as to be easily understood by the jury, should be so charged that the judgment can be pleaded in bar of another prosecution for the same offense. Counts for the printing, etc., of an obscene pamphlet, which may apply equally well to any number of pamphlets, and give no notice of any particular charge, can not be held sufficient under any construction of section 408 of the Criminal Code.

4. SAME—*indictment generally.* While mere technicalities should not be indulged to the obstruction of justice, the rules of law should not be so relaxed as that the accused may be unjustly and oppressively convicted. The constitution secures to him the right to be apprised of the nature and cause of the accusation.

5. SAME—*when qui tam.* Under our statute, if a *qui tam* proceeding is had, it must be by suit or information by some person who sues as well for the people as for himself. If the people proceed by indictment or information, as they may do, it is improper to make the proceeding *qui tam,* as the people are in such case entitled to the entire penalty.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. C. W. UPTON, Judge, presiding.

Mr. T. C. MOORE, Mr. B. F. PARKS, Mr. F. G. GARFIELD, and Mr. W. J. BROWN, for the plaintiff in error.

Mr. HENRY B. WILLIS, State's Attorney, for the People.

Mr. Justice Walker delivered the opinion of the Court:

The grand jury of Kane county returned into the circuit court of that county an indictment against plaintiff in error, for printing, having in possession and giving away an obscene and indecent pamphlet. The first count charges, that on the 29th day of September, 1877, in that county, he "unlawfully did cause to be printed a certain obscene and indecent pamphlet, with intent to give the same away." The second count avers, that on the same day he "unlawfully did have in his possession, with intent to give away, a certain obscene and indecent pamphlet, purporting to be evidence taken before a committee appointed by the Fox River Valley Medical Association, in the matter of charges against O. L. Pelton, preferred by Dr. McNair," etc. The third count avers, that he, on the same day, "unlawfully did give away a certain obscene and indecent pamphlet, then and there thereby circulating the same," etc. The circuit court certified this indictment to the county court of that county.

A motion to quash was entered in that court, but was overruled. A trial was had on a plea of not guilty, resulting in a verdict of guilty, and the imposition of a fine, etc. Thereupon defendant appealed to the circuit court. A motion was there interposed to quash, but was overruled, the plea of not guilty entered, a trial had, resulting in a verdict of guilty under each count, and, after overruling motions for a new trial, and in arrest, the court rendered a judgment for a fine of $100 under each count, and for the costs, and defendant brings the record to this court on error.

It is first insisted, that the court erred in refusing to quash the indictment,—that it is defective in not setting out what is claimed to be the obscene matter. On the other hand, it is claimed the indictment is good, and entirely sufficient under sec. 408 of the Criminal Code. That section provides, that an indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in

the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury. Section 223 of the Criminal Code, under which this prosecution is had, is of recent adoption in our State, and has not been previously before us for construction. Whilst section 408 is broad and comprehensive, a majority of the court are of opinion, that, under this section, it was necessary to set out the supposed obscene matter in the indictment, unless the obscene publication is in the hands of the defendant, or out of the power of the prosecution, or the matter is too gross and obscene to be spread on the records of the court, either of which facts, if existing, should be averred in the indictment, as an excuse for failing to set out the obscene matter; that whether obscene or not, is a question of law and not of fact; that the question is for the court to determine, and not for the jury.

The English precedents for libel, as well as in most of the States of the Union, require the libelous matter to be stated in full in the indictment, that the court may determine whether the article is libelous. Again, the offense charged, whether in the language of the statute, or so as to be easily understood by the jury, should so describe the offense that the judgment on the trial could be pleaded in bar in another prosecution.

In this indictment there is no such description as would enable plaintiff in error to do so, unless it be the second count. Neither of the others has the remotest reference to any particular pamphlet. The averment would apply equally well to any one of many pamphlets. They give no notice of any particular charge. These can, under no construction of this section, be held sufficient.

No person, we presume, on an indictment for larceny, charging the theft literally in the language of the statute, without the name of the owner, the date, or any description of the property, or the venue of the offense, would or could say it was good. Notwithstanding this section, the practice has been, in larceny, to require the offense to be laid with a venue,

that the owner's name be given, with a description of the property as to its kind, number and value, with the statement of the commission of the offense, in substantially the language of the statute, and on the omission of any one of these, the indictment has been held insufficient, and quashed on demurrer. The same is generally true of other crimes. The practice has generally required more than the mere charge, in the language of the statute, that the accused has committed a crime. Whilst mere technicalities should not be indulged to the obstruction of justice, still the courts can never relax until the accused may be unjustly and oppressively convicted. The accused should be apprised of the nature and cause of the accusation. This is a right secured to him by the constitution. Now, it is perfectly apparent that plaintiff in error was not apprised, by the first and third counts in this indictment, of the nature of the offense with which he was charged. These counts were. bad, under any practice or construction of the statute, and the indictment should have been quashed.

It is insisted, that as the section defining the offense gives half of the recovery to an informer, as no informer is named in the indictment, it should have been quashed for that reason. In Burn's Justice, vol. 2, p. 682, it is said: "Informations partly at the suit of the King and partly at the suit of the party, are commonly called informations *qui tam*, from these words in the information, when the proceedings were in Latin: '*qui tam pro domino rege quam pro se ipso.*'" It is further said, "But if the King commenceth his suit before the informer, the King shall have the whole forfeiture, because, in such case, he also is the informer; and he may, before the informer brings his suit, release the penalty to the offender, and bar all others; but if, after a popular action is brought by the informer, the King's attorney will enter *ulterius non vult prosequi,* the informer may prosecute for his part." We have been unable to find anything that contravenes this rule, but it seems to be sustained by all the English works on criminal law.

We have been referred to no case or precedent from which it appears that there may be an indictment *qui tam,* nor do we believe that any exists. All such proceedings, so far as our researches have extended, have been by information, filed by the prosecutor on leave of court, or by the attorney for the Crown, to recover the whole penalty. Under our statute, if a *qui tam* proceeding is had, it must be by suit or information by some person who sues as well for the people as for himself. If the people proceed by indictment or information, as they may do, under the authorities, then it would be improper to make the proceeding *qui tam,* as the people would be entitled to the entire penalty.

The indictment was not vicious in this respect. But for the error indicated, the judgment of the court below is reversed.

*Judgment reversed.*