James Reyes v. The State of Florida.—Syllabus.

JAMES REYES, PLAINTIFF IN ERROR, VS. THE STATE
OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment under sec. 2620 Rev. Stats., which charges the accused with publishing and distributing an obscence paper containing and obscene figure or picture should set out such paper *in haec verba*, or give such description of the same as decency permits.

2. An indictment which fails to give such description of the obscene paper, figure or picture as is prescribed in the preceding headnote, and fails to give any description of the same sufficient to advise the defendant of the nature of the charge and accusation against him is fatally defective, and such defect is not cured by a verdict of guilty.

3. Our statute (sec. 2892 Rev. Stats.) which provides that an indictment shall be adjudged good, which charges a crime substantially in the language of the statute, was not intended to obviate the necessity of stating the circumstances which constitute the definition of the offense charged, when necessary to advise the prisoner of the nature of the charge against him.

4. The indictment in this case seeks to charge the defendant with publishing and distributing an obscene paper containing an obscene figure or picture. It does not set out the paper figure or picture *in haec verba*, or by any certain description, or give any excuse for failure to do so; *Held*, that said indictment was vague, indefinite and uncertain; that it charged no offense; that it exposed the defendant to a second prosecution for the same offense, and that no judgment should be entered upon a conviction obtained upon the same.

Writ of error to the Circuit Court for St. Johns county.

The facts of the case are stated in the opinion of the court.

*M. C. Jordan* and *W. A. MacWilliams*, for Plaintiff in Error.

*William B. Lamar, Attorney General,* for the State.

LIDDON, C. J. :

The plaintiff in error was indicted under sec. 2620 of the Revised Statutes of Florida against improperly printing, etc., obscene books, pamphlets, papers, etc. The indictment, after omitting the preliminary part thereof, was in the following words: "That one James Reyes, late of the county of St. Johns, and State of Florida, on the 23rd day of January, in the year of our Lord one thousand eight hundred and ninety-four, in the county and State aforesaid, did then and there print, publish and distribute certain printed and written paper containing obscene language and an obscene figure or picture, manifestly tending to the corruption of the morals of youth, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

A trial was had at the Spring term, 1894, of the Circuit Court of St. Johns county, at which the defendant was convicted. A number of assignments of error are made, predicated upon various rulings of the Circuit Court. Upon the view we take of the case it is only necessary to pass upon one of them, which is the ninth, and relates to the refusal of the court below to grant defendant's motion in arrest of judgment. Among the grounds of this motion we need to pass only upon the 3rd, 4th and 5th. In substance all of these grounds alleged that the indictment is insufficient; that it does not charge any offense under the laws of the State of Florida, and does not apprise the defendant of the true character of the charge in-

tended therein, so as to enable him to prepare his defense, and that it was not so framed as to protect the defendant from a second prosecution for the same offense. All of these objections were well taken; the motion should have been granted and the judgment arrested. The indictment wholly fails to set out *in haec verba*, or to give any description whatever of the alleged "printed and written paper containing obscene language and an obscene figure or picture," which it charges the defendant with printing, publishing and distributing. The authorities are practically unanimous that such an indictment is insufficient. The case assimilates itself very much to a charge of forgery, in which the alleged paper or instrument must be set out *in haec verba*, or according to its tenor. Some of the authorities hold that the paper in a case of this kind must be set out *in haec verba*, or some reason given for the failure to do so, or there must be an averment that the matter of the paper is so obscene that it would be improper to place it upon the records of the court. The weight of authority is, however, that matter of the obscene paper or picture need not be set out *in haec verba*, which might be very difficult, especially in the case of a figure or picture, but that a specific description of the same must be given, or an excuse for not setting out the same, as mentioned in the last sentence above. The indictment should give such description of the paper, figure or picture as decency permits. Failing to comply with the requirements mentioned, the indictment is fatally defective, and the defect is not cured by the verdict in the case. 17 Am. & Eng. Ency. of Law, p. 10, note 3, and authorities cited; Thomas vs. State, 103 Ind., 419, text 426; State vs. Hanson, 23 Texas, 232; McNair vs. People, 89 Ill., 441; Commonwealth vs. Holmes, 17 Mass.,

336; State vs. Brown, 27 Vt., 619; Commonwealth vs. Tarbox, 1 Cush., 66; 1 Bishop's Crim. Pro., 496.

The words used in the indictment are in the very language of the statute. In this case, however, this is not sufficient. The indictment should state the circumstances which constitute the definition of the offense. Failing to do so no judgment can be entered upon the verdict. Stevens vs. State, 18 Fla., 903; Hamilton vs. State, 30 Fla., 229.

In arriving at our conclusions herein we have not overlooked the provisions of our statute (sec. 2892 R. S.), which provide "that every indictment shall be deemed and adjudged good which charges the crime substantially in the language of the statute." It could not have been the intention of the statute that an indictment would be sufficient which gave a defendant no information of the charge against him sufficient to enable him to prepare his defense. Such a construction put upon it would be in conflict with the eleventh section of the Bill of Rights of our Constitution, which provides that every person accused of crime "shall be heard    *    * to demand the nature and cause of the accusation against him." This point was involved in the case of McNair vs. People, 89 Ill., 441. The State of Illinois has a statutory provision almost identical with our statute just cited, but it was held in that case that the statute did not dispense with the necessity of giving some specific description of the alleged obscene paper. The statute and the indictment in that case were very similar to the statute and indictment now under consideration. We think the indictment so indefinite in its terms that the defendant might be exposed to danger of a second prosecution for the same offense.

The judgment of the court below is reversed with directions that the indictment against the defendant be quashed, and that he be discharged from further prosecution under the same.