## Samuel C. Rank v. The People of the State of Illinois.

1. INSTRUCTIONS—*Under Section 195 of the Criminal Code.*—An indictment under Par. 195 of Chap. 38, 1 S. & C. R. S. (Hurd's Statute 1898, p. 564, Sec. 93), which avers that the defendant " did verbally and maliciously threaten to accuse the said J. H. A. of a certain misdemeanor, to wit, selling intoxicating liquors without then and there having a legal license to keep a dram-shop, with intent to extort money from the said J. H. A.," etc., does not describe or charge a misdemeanor, and is not sufficient, as the act threatened does not constitute a crime or misdemeanor.

2. SAME—*Facts Must Be Averred.*—In every indictment facts must be averred which, in the eye of the law, constitute the crime charged.

3. SAME—*Description of Offenses.*—Whether the description of the offense is so plain that its nature can be easily understood by the jury, must depend on whether it is described with at least a reasonable degree of certainty, using the term " certainty " in its common law sense.

**Indictment,** for theatening to accuse another, etc. Tried in the Criminal Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Verdict and judgment of guilty. Error by defendant. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed January 26, 1899.

JOHN C. KING and KITT GOULD, attorneys for plaintiff in error.

CHARLES S. DENEEN, State's Attorney, and ALBERT C. BARNES, Assistant State's Attorney, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

Plaintiff in error was indicted and convicted for a violation of the following section of the Criminal Code, which provides that, "Whoever, either verbally or by written or printed communication, maliciously threatens to accuse another of a crime or misdemeanor, or to expose or publish any of his infirmities or failings, with intent to extort money, goods, chattels or other valuable thing, or threatens to maim, wound, kill or murder, or to burn or destroy his house or other property, or to accuse another of a crime or misdemeanor, or expose or publish any of his infirmities or failings, though no money, goods, chattels or valuable thing be demanded, shall be fined in a sum not exceeding $500, and imprisoned not exceeding six months." 1 S. & C. Stat., Ch. 38, Par. 195.

The indictment charges as follows:

"Samuel C. Rank, late of the county of Cook, on the first day of November, in the year of our Lord one thousand eight hundred and ninety-seven, in the said county of Cook and said State of Illinois aforesaid, unlawfully and willfully did then and there, to one John H. Anderson, verbally and maliciously threaten to accuse the said John H. Anderson of a certain misdemeanor, to wit, selling intoxicating liquors without then and there having a legal license to keep a dram-shop, with intent to extort money from the said John H. Anderson," etc.

Motions to quash the indictment, for a new trial, and in arrest of judgment, were made and overruled.

Sections 1 and 2 of the dram-shop act are as follows:

"Sec. 1.   A dram-shop is a place where spirituous or vinous or malt liquors are retailed by less quantity than one gallon, and intoxicating liquors shall be deemed to include all such liquors within the meaning of this act.

"Sec. 2.   Whoever, not having a license to keep a dram-shop, shall by himself or another, either as principal, clerk or servant, directly or indirectly, sell any intoxicating liquor in less quantity than one gallon, or in any quantity to be drunk upon the premises, or in or upon any adjacent room, building, yard, premises or place of public resort, shall be fined," etc.   2 S. & C. 48, Secs. 1 and 2.

It will be observed that there is nothing in the sections

quoted prohibiting the sale of liquor in quantities of one gallon or more, unless it is sold to be drank on the premises or in or upon any adjacent room, building, yard, premises or place of public resort, so that intoxicating liquor may be sold, without license to keep a dram-shop, in quantities of a gallon or more, if not sold to be drank on the premises or places mentioned in section 2.

The charge in the indictment is that plaintiff in error did threaten to accuse the said John H. Anderson of a certain misdemeanor, "to wit: *Selling intoxicating liquors without then and there having a license to keep a dram-shop.*" To sell intoxicating liquor in quantities of one gallon or more, not to be drank in such places as are mentioned in section 2, without having a license to keep a dram-shop, is not a misdemeanor, or crime, and therefore plaintiff in error contends that no violation of the statute is charged against him in the indictment; that he is merely charged with having threatened to accuse Anderson of doing that which he, Anderson, might lawfully do, viz., selling intoxicating liquors without having a license to keep a dram-shop.

Counsel for the people rely on section 408 of the statute, which provides that "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury and contends that the indictment in question is sufficient in view of this provision. While it is true that it may be sufficient to state the offense in the terms and language of the statute, yet, whatever the language used, an offense must be stated, and the question here is whether an offense is stated.

We can not agree with the contention of counsel for the people that the words in the indictment, "to wit, selling intoxicating liquors, without then and there having a legal license to keep a dram-shop," may be rejected as surplusage, and that a mere averment that plaintiff in error

Rank v. The People.

threatened to accuse Anderson of a misdemeanor is suffi-
cient to sustain a conviction.    Whether the threat made
was a threat to accuse of a misdemeanor is a question of
law, to be determined by the court on inspection of the
words constituting the threat ; what the words were is a
question of fact, and it is a fundamental rule, both of civil
and criminal pleading, that facts and not conclusions of law
must be averred.    In every indictment facts must be
averred which, in the eye of the law, constitute the crime
charged.    Archibald's Cr. Pr. & Pl., 2d Ed., p. 265, par. 85;
1 Bishop on Crim. Procedure, 3d Ed., Secs. 623 to 626;
McNair v. The People, 89 Ill. 441; Thompson v. The Peo-
ple, 96 Ib. 158; Williams v. The People, 101 Ib. 382.

In McNair v. The People, the indictment was for a viola-
tion of Sec. 223 of the Criminal Code, and charged the
defendant, in the language of the section, with causing to
be printed " a certain obscene or indecent pamphlet," with
intent to give the same away; the unlawfully having in his
possession " a certain obscene and indecent pamphlet," and
the unlawfully giving away " a certain obscene and inde-
cent pamphlet."    The court held the indictment insufficient
to sustain a conviction, saying :

" While section 408 is broad and comprehensive, a major-
ity of the court are of opinion that, under this section, it
was necessary to set out the supposed obscene matter in the
indictment, unless the obscene publication is in the hands
of the defendant, or out of the power of the prosecution, or
the matter is too gross and obscene to be spread on the
records of the court, either of which facts, if existing, should
be averred in the indictment, as an excuse for failing to set
out the obscene matter; that whether obscene or not, is a
question of law and not of fact; that the question is for the
court to determine, and not for the jury."

The court further say :

" The practice has generally required more than a mere
charge, in the language of the statute, that the accused has
committed a crime."

Section 273 of the Criminal Code provides:  " Whoever
attempts to commit any offense prohibited by law, and does
any act toward it, but fails, or is intercepted or prevented

in its execution, shall be punished," etc.   In Thompson v.
The People, *supra*, the indictment averred that the defend-
ant, "the goods and chattels of Aaron Nooney then and
there being found, did feloniously attempt to feloniously
take, steal and carry away," etc.   The court, after stating
that it is indispensable to the crime that some act should be
done toward the accomplishment of the intention, say:

"If this be so, and of its correctness we entertain no
doubt, then to obtain a conviction, the people would be
required to prove acts done toward the perpetration of the
offense, and not a mere intention.   Such acts being neces-
sary to show the crime charged, they should be specifically
averred.   This is necessary, according to the rules of cor-
rect pleading, and to give the accused notice of what he is
required to meet on the trial.   If the averment of a mere
attempt was all that is required, accused could never know
what acts would be relied on to prove the attempt, and
would be liable to surprise.   We are, therefore, clearly of
opinion that the acts done by accused toward the commis-
sion of the crime of larceny should have been specifically
averred, and for the want of such an averment the indict-
ment was bad and should have been quashed."

In Williams v. The People, *supra*, the court say:

"Indeed, it is an elementary and fundamental principle that
every material *fact* essential to the commission of a crime
must be distinctly alleged and clearly proven on the trial,
in order to warrant a conviction."

The definition of an offense is one thing; a statement of
the particular facts which constitute the offense is another
and quite a different thing.   In the present case, the stat-
ute merely defines the offense in general terms.   It does
not purport to state specific acts or words which would
constitute the offense.   It is generic, leaving to the pleader
to be specific in his averment of facts.

In Johnson v. The People, 113 Ill. 99, the court say:

"It sometimes happens, however, that the language of a
statute creating a new offense does not describe the act or
acts constituting such offense.   In that case, the pleader is
bound to set them forth specifically.   This elementary rule
is laid down in all standard works on criminal law, and is
fully recognized by this court.   1 Wharton on Crim. Law,
Secs. 164, 372; Kibs v. The People, 81 Ill. 599."

Rank v. The People.

In Prichard v. The People, 149 Ill. 50, it seems to have been urged by counsel for the people, that if the offense was so plainly charged that its nature could be easily understood by the jury, that was sufficient, in respect to which the court say :

" Whether the description of the offense is so plain that its nature could be easily understood by the jury, must depend on whether it is described with at least a reasonable degree of certainty, using the term ' certainty' in its common law sense."

The indictment was for bigamy, and alleged that the defendant married one Virginia M. Lewis, " well knowing the said Eliza Ann Ferguson, his former wife, was then alive." The court held that this was not a sufficient averment that the former wife of the accused was alive; that the rules of pleading required a direct and positive averment that the former wife was living at the time of the second marriage; and the judgment of conviction was reversed.

Section 82 of chapter 46 of the statutes, provides :

" Whoever    *    *    *    changes a ballot of an elector, with intent to deprive such elector of voting for such person as he intended,    *    *    *    shall, on conviction thereof, be fined in a sum not exceeding $1,000, or imprisoned in the county jail not exceeding one year, or both, in the discretion of the court."

In Hunter v. The People, 52 Ill. App. 367, the indictment charged that Hunter, "at an election being held in the town of Mount Zion, in the county of Macon, for the election of town officers for said town, unlawfully, willfully and deceitfully, did change a certain ballot of one John Tohill, who was then and there an elector of said town, in the county aforesaid, with intent then and there, unlawfully to deprive the said John Tohill, as such elector, of voting for one David C. Davidson, for the office of supervisor of said town of Mount Zion, as he, the said John Tohill, then and there intended, contrary to the form of the statute," etc. The court, after suggesting numerous ways in which the change of the ballot might have been made, held that it was necessary for the indictment to specify the acts of the

defendant in the premises, the manner in which he changed the ballot, and the judgment was reversed. The court quotes with approval the following from Wharton on Crim. Pl. and Prac.:

" A statute on creating a new offense describes it by its popular name. It is made indictable, for instance, to obtain goods by falsely personating another. But no one would maintain that it is enough to charge the defendant with ' falsely personating another.' So far from this being the case, the indictment would not be good unless it stated the kind of personation, and the person on whom the personation took effect. An act of Congress makes it indictable to ' make a revolt,' but under this act it has been held necessary to specify what the revolt is. ' Fraud ' in elections in a Pennsylvania statute is made indictable; but the indictment must state what the fraud is. It is not enough to say that the defendant ' attempted an offense,' though this is all the statute says ; the particulars of the attempt must be given.   ' Not a qualified voter ' in a statute must be expanded in the indictment by showing in what the disqualification consists."

In the present case, the specific threat averred, viz., to accuse Anderson of " selling intoxicating liquors, without then and there having a legal license to keep a dram-shop," does not describe or charge a misdemeanor, and if these words be rejected as surplusage, leaving the charge that plaintiff in error did unlawfully and maliciously, etc., " threaten to accuse the said John H. Anderson of a misdemeanor," the averment is merely of a legal conclusion, and not of a fact, and in view of the authorities cited, facts constituting the crime must be averred.

The indictment is clearly bad and insufficient to support the conviction, which being the case, we deem it unnecessary to discuss the evidence. The judgment will be reversed and the cause remanded.