CHARLES COOK, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment charging merely that C. "by a false promise and with at the time intent to injure and defraud one B. did then and there obtain from said B. goods of the value of three dollars, contrary," &c., is fatally defective.

This case was decided by Division A.

Writ of Error to the Circuit Court for Sumpter County.

The facts in the case are stated in the opinion of the Court.

*Leonidas E. Wade,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

PER CURIAM: The indictment charges merely that Charles Cook "by a false promise and with at the time intent to injure and defraud one L. A. Briles did then and there obtain from said L. A. Briles goods of the value of three dollars, contrary," etc.

The motion in arrest should have been granted.

We are unaided by a brief in behalf of the indictment, but from its verbiage we assume it was based upon Chapter 4032 of the Laws of 1891. There is no allegation that any one was deceived by the false promise nor as to the ownership of the goods, and that these allegations are necessary under the "false pretence" statute, R. S. Section 2465, has been held by this court in Pendry v. State, 18 Fla. 191, and Strickland v. State, decided at this term. The second subdivision of Chapter 4032 requires as an element of the offence a *written* contract to do or perform an act or service. If the first subdivision of Chapter 4032, the language of which the indictment follows intends to create a distinct substantive statutory offense, there is necessity for the use of further and particular words by the pleader to sufficiently apprize the person of the "nature and cause of the accusation against him." Reyes v. State, 34 Fla. 181, 15 South. Rep. 875.

The judgment is reversed with directions to sustain the motion in arrest.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.