## *Ex Parte* M. GARVEY.

## Opinion Filed November 20, 1922.

1.  Where a cause can be fully disposed of without adjudicating constitutional questions raised therein, the courts will generally ignore such questions and dispose of the case upon other grounds.

2.  On *habeas corpus* proceeedings the courts will inquire whether the complaint upon which a defendant is held, or has been convicted, charges a public offense, and when it finds that to the charge preferred no criminality is attached by law, the party imprisoned is entitled to his discharge.

3.  Where a warrant under which a petitioner is held in custody does not allege an offense, under a statute, a discharge from custody may be ordered in *habeas corpus* proceedings without considering the constitutionality of the statute.

4.  While *habeas corpus* is not a remedy for relief against imprisonment under a warrant that charges a criminal offense defectively or inartificially, yet it may be used as a remedy where the offense charged does not constitute a crime under the laws of the State by reason of the statute under which the charge is made being unconstitutional, or when the charge wholly fails to allege a crime.

5.  The form of the information prescribed in Section 7, Chap. 8401 contemplates that the endorsement required by Section 5 of the Act to be upon the check set out in the information shall properly appear on the check as set out in the information. The absence of proper endorsements on the check when not supplied by allegations that the check was duly presented and dishonored renders the information wholly insufficient to allege an offense under the statute.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Reversed.

*Shackleford & Parks,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the State.

WHITFIELD, J.—In *habeas corpus* proceedings it appears that M. Garvey was by information filed in the Criminal Court of Record for Hillsborough County, charged with a violation of Chapter 8401, Acts of 1921, in that he ''unlawfully did pass a certain worthless check of the tenor and effect'' as stated in the information. It was urged as grounds for discharging the defendant on *habeas corpus* that the statute, Chapter 8401, is unconstitutional and inoperative in that it in effect authorizes imprisonment for debt in violation of Section 16 of the Declaration of Rights of the State Constitution, which provides that ''No person shall be imprisoned for debt except in cases of fraud.'' The court remanded the petitioner and a writ of error was duly allowed and taken.

Where a cause can be fully disposed of without adjudicating constitutional questions raised therein, the courts will generally ignore such questions and dispose of the case upon other grounds.

On *habeas corpus* proceedings the courts will inquire whether the complaint upon which a defendant is held, or has been convicted, charges a public offense, and when it finds that to the charge preferred no criminality is attached by law, the party imprisoned is entitled to his discharge. Exparte Bailey, 39 Fla. 734, 23 South. Rep. 552.

Where a warrant under which a petitioner is held in custody does not allege an offense, under a statute, a discharge from custody may be ordered in *habeas corpus* proceedings without considering the constitutionality of the

statute. Foxworth v. Law, 77 Fla. 596, 82 South. Rep. 55; Ex Parte Davidson, 76 Fla. 272, 79 South. Rep. 727.

While *habeas corpus* is not a remedy for relief against imprisonment under a warrant that charges a criminal offense defectively or inartificially, yet it may be used as a remedy where the offense charged does not constitute a crime under the laws of the State by reason of the statute under which the charge is made being unconstitutional, or when the charge wholly fails to allege a crime. Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436.

The information upon which the petitioner is held for trial is as follows:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA:

IN THE CRIMINAL COURT OF RECORD FOR THE COUNTY OF HILLSBOROUGH, STATE OF FLORIDA.

"At the June term, in the year of our Lord one thousand nine hundred and twenty-two, to-wit:

"BE IT REMEMBERED, That MORRIS M. GIVENS, County Solicitor for the county of Hillsborough, prosecuting for the State of Florida, being present in said court of the 13th day of July, in the year of our Lord One Thousand nine hundred twenty-two, under oath gives the court to be informed and understand that MARTIN GARVEY, late of the county of Hillsborough aforesaid in the state aforesaid, on the first day of June, in the year of our Lord one thousand nine hundred twenty-two, at and in the county of Hillsborough, aforesaid, unlawfully did pass a certain worthless check of the tenor and effect following, that is to say—

" 'BANK OF COMMERCE        63-30

Tampa, Fla.,
June 1st, 1922.

"Pay to the order of Gulf Refining Co., $1050.21 Insured—One Thousand-fifty Dollars Twenty-one Cents—Insured

Dollars
M. Garvey

"That after the issuance of check as aforesaid there were indorsed and now remain on the face thereof the following words and figures to-wit:

" 'Not   sufficient   Funds
N. P.              N. P.
64-2                64-2
Atl          N. S. F.'

"That the following endorsements, all made after the issuance of said check appear on the back thereof, to-wit:

" 'Pay to the order of
The Lowry National Bank
June 6, 1920
Gulf Refining Co.
C. E. Shepherd, D. S. M.'

"Pay to the order of
The Lowry National Bank
Jun 13, 1922
Gulf Refining Co.
C. E. Shepherd, D. S. M.'

"Pay to the order of
The Lowry National Bank
Jun 13 1922
Gulf Refining Co.
C. E. Shepherd, D. S. M.'

" 'Pay Federal Reserve Bank of Atlanta
or order prior endorsements guaranteed
LOWRY NATIONAL BANK
Atlanta, Georgia
64-2                  Jun 6 1922                  64-2

"Pay to the order of any federal
reserve bank or member Bank
Federal Reserve Bank of Atlanta
64-14

Pay Federal Reserve Bank of Atlanta
or order prior endorsements guaranteed
LOWRY NATIONAL BANK
Atlanta, Georgia,
64-2                  Jun 13, 1922                  64-2

"Pay to the order of
Any Federal Reserve Bank or Member Bank
Federal Reserve Bank of Atlanta
64-14

"Pay to the order of any bank or banker or trust
company prior endorsements guaranteed Jackson-
ville Branch Federal Reserve Bank of Atlanta,
Jacksonville, Florida.
63-19                                            63-19'

" 'Pay to the order of any Bank or Banker or trust company prior endorsements guaranteed Jacksonville Branch Federal Reserve Bank of Atlanta, Jacksonville, Florida.
63-19                                               63-19'

"Against the form of the statute in such case made and provided, to the evil example of all others in like cases offending, and against the peace and dignity of the State of Florida.

".Wherefore the said Morris M. Givens, County Solicitor .as aforesaid, prosecuting for said state aforesaid, prays the advice of the court in the premises, that a capias may be issued forthwith for the arrest of the said Martin Garvey, and that the said Martin Garvey be held for trial under the foregoing information."

It does not appear who endorsed upon the check the words "Not sufficient funds," or for what purpose such words were endorsed upon the check as is contemplated by Section 5 of the Act. The abbreviations under the quoted words are not explained to have any meaning that is material to the charge. There is no allegation that the check was in fact dishonored and not paid upon due pre-sentation.

The form of the information prescribed in Section 7 contemplates that the endorsements required by Section 5 of the Act to be upon the check set out in the information shall properly appear on the check as set out in the information. The absence of proper endorsements on the check when not supplied by allegations that the check was duly presented and dishonored renders the information wholly insufficient to allege an offense under the statute. See Reyes v. State, 34 Fla. 181; Cook v. State, 51 Fla. 36;.

Sec. 11, Declaration of Rights, Florida Constitution. For this reason the petitioner should have been discharged; therefore the validity of the statute need not be considered.

Reversed for a discharge of the petitioner.

BROWNE, C. J., AND TAYLOR, J., concur.

ELLIS AND WEST, J. J., dissent upon the ground that the information is in the form prescribed by the statute, Sec. 7, Chap. 8401.