Ex Parte ERNEST AMOS.

En Banc.

Opinion filed August 19, 1930.

*Ernest Amos,* in pro per., for Petitioner;

*A. Aronovitz* and *Blakely & Quinan,* Contra.

PER CURIAM.—In habeas corpus proceedings it appears that upon the following affidavit, a warrant was issued by the justice of the peace and on such warrant the petitioner was detained in custody:

"In the Justice of Peace Court,
Third District,
State of Florida.

State of Florida,
    vs.
Ernest Amos,
        Defendant.

Before me, Thomas S. Ferguson, Justice of the Peace in and for said County, personally came Jack Selby who being duly sworn, says that on the 12th day of June, A. D. 1930, in the County aforesaid, one Ernest Amos, being then and there the Comptroller of the State of Florida and charged with the supervision of banks in the State of Florida, did then and there wilfully commit malfeasance in Dade County, Florida, in the said office of Comptroller, by then and there wilfully employing officers, directors, agents and employees of the Bank of Bay Biscayne and paying the said officers, directors, agents and employees a consideration for such services in connection with the examination of the Bank of Bay Biscayne, a Florida Cor-

poration by the said Ernest Amos as Comptroller of the State of Florida, and that said Ernest Amos well knew that the said employment was contrary to the statute in such case made and provided, and against the peace and dignity of the State of Florida.

(Signed) JACK SELBY.

Sworn to and subscribed before me this 7th day of August, A. D. 1930.

(Signed) THOMAS S. FERGUSON,
Justice of Peace, Third District."

A motion is made to remand the petitioner.

If the affidavit upon which the warrant of arrest was issued wholly fails to state an offense under the laws of the State the petitioner will be discharged on habeas corpus. Ex Parte Bailey, 39 Fla. 734, 23 So. R. 552; In re Robinson, 73 Fla. 1068, 75 So. R. 857; Lewis v. Nelson, 62 Fla. 71, 56 So. R. 436; Bell v. Gregory, 89 Fla. 293, 103 So. R. 832; Smith v. Chase, Sheriff, 91 Fla. 1044, 109 So. R. 94; State ex rel. Lockmiller v. Mayo, 88 Fla. 96, 101 So. R. 228; State ex rel. Reed v. Blitch, 97 Fla. 260, 120 So. R. 355.

Section 14, Chapter 13576, Acts of 1929, provides:

"That the Comptroller in the supervision of banks and trust companies, shall have power to employ a bank report analyst and not more than twelve discreet and competent persons to examine into the affairs of every bank, banker, banking company or trust company doing business in the State, and liquidators thereof, except National Banks, and the persons so employed shall have power to make a thorough examination into all the affairs of each and every such bank, banker, banking firm, banking company or trust company and liquidating agencies, at any time; and in doing so shall have

access to all the books, papers, records, securities and assets of all kinds, and shall be authorized to examine any of the officers, directors, agents or employees, of such bank, banker, banking firm, banking company, trust company or liquidators thereof, under oath, and such examiners shall make a full and detailed report to the Comptroller of the conditions of each bank, banking company, trust company or liquidating agency thereof so examined. Provided, that no person connected with the banking business, either as an officer, director, agent or employee shall be so employed."

The statute has reference to specific employments of persons by the Comptroller, and does not regulate the employment by the Comptroller of proper and reasonably necessary clerical assistance in administering the affairs of a bank that has ceased to do business. It authorizes the Comptroller "in the supervision of banks" "to employ a bank report analyst and not more than twelve discreet and competent persons to examine into the affairs of every bank, banker, banking company or trust company doing business in this State, and liquidators thereof, except National Banks." "Provided, that no person connected with the banking business, either as an officer, director, agent or employee shall be so employed."

The affidavit does not allege that the petitioner employed persons connected with the banking business as a bank report analyst or as bank examiners or liquidators; and the allegations do not exclude, but support an inference that the persons employed and paid for "service in connection with the examination of the Bank of Bay Biscayne," were employed as proper and reasonably necessary clerical or other assistants in administering the affairs of the bank after it had ceased to do business.

The allegations of the affidavit having reference to the authority and duties of the Comptroller under the statute above quoted, are wholly insufficient to state the offense of malfeasance in office by a wilful violation of the statute; and the affidavit does not allege any facts showing the commission of malfeasance in office under any statute, or at common law.

There being no offense charged, the petitioner is discharged.

WHITFIELD, ELLIS AND BUFORD, J. J., concur.