STATE, *ex rel.* LOUIS BLUMER, v. D. C. COLEMAN, as Sheriff of Dade County.

168 So. 17.
Opinion Filed May 2, 1936.

*L. J. Cushman,* for Petitioner;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant, for Respondent.

BUFORD, J.—We have here under consideration habeas corpus proceedings, original jurisdiction, in which the record shows that on March 3, 1932, information was filed against one Louis Blumer, in the following language:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA: Fred Pine, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that LOUIS BLUMER of the County of Dade and State of Florida, on the 10th day of July in the Year of Our Lord, One Thousand Nine Hundred and Thirty-one, in the County and State aforesaid, did then and there sell and/or furnish a certain naturopathy diploma to one Annie Laurie Reaves, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

On June 16, 1932, the Petitioner was tried and convicted on that information and fined $250.00 and costs of court, or, in default of the payment thereof to be confined to hard labor in the county jail for a term of 90 days.

It appears that no further action was taken by anyone after the sentence and judgment until a few days prior to March 30th, 1936, when the Petitioner was arrested and incarcerated to serve the sentence.

The prosecution was probably intended to be under Chapter 12286, Acts of 1927, and particularly under Section 19 of that Act which section is as follows:

"Any person who shall:

"(a) Sell or fraudulently obtain or furnish any Naturopathic diploma, license, record, or registration, or aid or abet in the same; or

"(b) Practice Naturopathy under the cover of any

diploma, license, record, or registration illegally or fraudulently obtained or secured, or issued unlawfully or upon fraudulent representations; or

"(c)   Advertise to practice Naturopathy under a name other than his own or under an assumed name; or

"(d)   Falsely impersonate another practitioner of a like or different name; and

"Any person who, not being then lawfully licensed and authorized to practice Naturopathy in this State, shall

"(a)   Practice or advertise Naturopathy;

"(b)   Use in connection with his name any designation tending to imply or to designate him as a practitioner of Naturopathy; and

"(c)   Any person who shall practice Naturopathy during the time his license is suspended or revoked, shall, upon conviction, be punished by a fine of not more than one thousand dollars, or imprisonment for not more than five years, or by both such fine and imprisonment, in the discretion of the court."

Section 1 of that Act is as follows:

"NATUROPATHY DEFINED.   For the purpose of this Act Natureopathy and Naturopathy shall be construed as synonymous terms and are hereby defined to mean the use and practice of Psychological, Mechanical and Material health sciences to aid in purifying, cleansing and normalizing human tissues for the preservation or restoration of health, according to the fundamental principles of anatomy, physiology and applied psychology, as may be required.   Naturopathic practice employs among other agencies, Phytotherapy, Dietetics, Psychol-therapy, Suggesto-therapy, Hydro-therapy, Zone-therapy, Bio-Chemistry, External Applications, Electrotherapy, Mechanotherapy, mechanical and electrical applicants, hygiene, first aid, sanitation and Heloitherapy.   Pro-

vided, however, that nothing in this Act shall be held or construed to authorize any Naturopathic Physician licensed hereunder to practice Materia Medica or Surgery or Chiropractic, nor shall the provisions of this Act in any manner apply to or affect the practice of Osteopathy, Chiropractic, Christian Science, or any other treatment authorized and provided for by law for the cure or prevention of disease and ailments."

There is nothing in the Act defining "Naturopathic Diploma." Neither is there any allegation in the information sufficient to show what sort of an instrument is referred to therein as a "Naturopathic Diploma." The information is void for uncertainty because it alleges "did then and there sell and/or furnish a certain Naturopathic diploma." If the provisions of Section 19 of the Act above quoted constitute a valid penal statute, then paragraph (a) thereof makes it unlawful not to obtain or furnish any Naturopathic diploma but the gist of the offense is to "fraudulently obtain or furnish." The information does not charge that the alleged diploma was fraudulently obtained or furnished and as such diploma may have lawfully been obtained or furnished, the information failed to charge any criminal offense.

Therefore, we think on authority of the opinions and judgments in the cases of Reyes v. State, 34 Fla. 181, 15 Sou. 875; West v. State, 45 Fla. 118, 33 Sou. 548; Ex Parte Garvey, 84 Fla. 583, 94 Sou. 381; Ex Parte Amos, 100 Fla. 687, 129 Sou. 855, and Ex Parte Amos, 94 Fla. 1023, 114 Sou. 760, and authorities there cited, the Petitioner should be discharged.

It is so ordered.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.