W. W. STALVEY v. REX SWEAT, *as* Sheriff of Duval County.

169 So. 745.

Opinion Filed September 22, 1936.

*Martin & Goff*, for Petitioner;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant Attorney General, for Respondent.

PER CURIAM.—In habeas corpus proceedings it appears that W. W. Stalvey was by warrant issued out of the Justice of the Peace Court of the Eleventh District in and for Duval County, Florida, charged with violation of Chapter 8401, Acts of 1921, Eection 7928, C. G. L., in that he, "unlawfully did utter and pass a certain worthless check of the tenor and effect" as stated in the warrant. It is urged as ground for discharging the defendant on habeas corpus that the warrant did not comply with the statute.

The sole question involved is; whether or not the warrant under which the petitioner was arrested and placed in custody charges any offense against any law of the State of Florida? The warrant is as follows:

"IN COURT OF JUSTICE OF PEACE, ELEVENTH DISTRICT, DUVAL COUNTY.

"In the State of Florida v. W. W. Stalvey, State of Florida.

"In the Name of the State of Florida, to the Sheriff or any Constable of any county:

"Whereas, J. Frank Kelly, Jr., has this day made oath before me that on the 31st day of July, A. D. 1935, in the county aforesaid W. W. Stalvey did then and there unlawfully utter and pass a certain worthless check of the tenor and effect as following. That is to say 'Plant City, Florida. July 31st, 1935. The Hillsboro State Bank, Pay to Cash or Bearer $12.50. Twelve & 50/100 Dollars. W. W. Stalvey, Cash Acct.' There not being on deposit at the said bank at the time nor after reasonable negotiable time thereafter sufficient funds to cover said check, contrary to the statutes in such cases made and provided, against the peace and dignity of the State of Florida.

"These Are Therefore to Command You to arrest instanter the said W. W. Stalvey and bring him before to be dealt with  according to law.

"Given under my hand and seal this 14th day of August, A. D. 1935.

(Signed) "Sarah Bryan (Seal)
"Justice of the Peace, Eleventh District.
"O. K. by the County Judge."

The sufficiency of the warrant to state an offense is attacked. The law being as follows:

"Section 7926 C. G. L. Reasons for dishonor to be stamped on check. It shall be the duty of the drawee of any and all checks hereinbefore defined, before refusing to pay the same to holder upon presentation, to cause to be written or stamped in plain language thereon the reasons for drawee's dishonor, or refusal to pay same, and

in all prosecutions under this law, the introduction in evidence of any unpaid and dishonored checks, having the drawee's refusal to pay stamped or written thereon with the reason therefor aforesaid, shall be *prima facie* evidence of the making or uttering of said check and the due presentations to the drawee for payment and the dishonor thereof and that the same was properly dishonored for the reasons, written or stamped by the drawee on such dishonored check. Section 7928, C. G. L. Form of affidavit, information or indictment. In prosecutions under this law, the affidavit, information or indictment charging the offense may be in the following form: "That the said Defendant, A. B., in the county and state aforesaid unlawfully did pass a certain worthless check of tenor and effect following, that is to say (here set forth the check verbatim, with all endorsements appearing thereon), and no other and further particularization shall be necessary; Provided, that for good cause being made to appear, the court may require the furnishing of a bill of particulars to the defendant where he would be embarrassed or prejudiced in the preparation of his defense in the generality of the form aforesaid."

In this case the warrant does not show any endorsements on the check, and does not show that the check had been presented for payment and refused for lack of funds.

In the case of *Ex Parte* Garvey, 84 Fla. 583, 94 So. 381, the facts are similar to those in this case except the charge was on an information instead of by warrant. It was said in that case:

"The form of the information described in Section 7 contemplates that the endorsements required by Section 5 of the Act to be upon the check set out in the information shall properly appear on the check as set out in the informa-

tion. The absence of proper endorsements when not supplied by allegations that the check was duly presented, and dishonored, renders the information wholly insufficient to allege an offense under the statute. See Reyes v. State, 34 Fla. 181, 15 So. 875; Cook v. State, 51 Fla. 36, 40 So. 490; Section 11, Declaration of Rights, Florida Constitution. For this reason the Petitioner should have been discharged."

Upon the authority of the case of *Ex parte* Garvey, *supra,* the petitioner should be discharged as the warrant does not charge an offense under the statute. As in the above cited case the warrant does not show "all endorsements appearing" on the check or by allegation that the check was presented for payment and dishonored.

The Petitioner is hereby discharged.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.