PER CURIAM.
Defendant seeks to review judgments of conviction upon a jury trial under a two-count information charging him with the offenses of driving while intoxicated and public profanity.
Our consideration of the record on appeal, briefs, and oral arguments does not show that the appellant has demonstrated the commission of reversible error in arriving at the judgment in the count based on driving while intoxicated. Such is the appellant’s burden that he must show that the trial proceedings are so infected with prejudicial error as to compel a reversal of the judgment. 2 Fla.Jur., Appeals, Section 361.
The other charge of which appellant was found guilty was brought under Section 847.04, Florida Statutes, F.S.A., prohibiting the use of profane, vulgar, and indecent language in public. Appellant contends that the information on this charge is void because of its failure to specify the words used which constituted the profanity. We agree and reverse the judgment of conviction on the profanity count only.
It is our opinion that the offense of profanity is of such nature that a descrip *610 tion of the words used should be given in the charging instrument. Reyes v. State, 34 Fla. 181, 15 So. 875; Kittleson v. State, 152 Fla. 242, 9 So.2d 807.
Affirmed in part and reversed in part.
WIGGINTON, C. J., and JOHNSON and SPECTOR, JJ., concur.