CANUTE MARANDA ET AL. *v.* THE STATE.

SWINDLING.—In an indictment for obtaining money or property on false pretenses, it is necessary that it be alleged that the false representations were "knowingly" made.

APPEAL from Victoria.    Tried below before the Hon. T. C. Barden.

The defendants were indicted and convicted for passing a galvanized twenty-five-cent silver coin as a five-dollar gold

coin.   The defect on which the court acted in reversing the judgment is set out in the opinion.

*Lackay & Stayton,* for appellant.

*George Clark, Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—The motion in arrest of judgment should have been sustained.   Knowledge of the false pretense by means of which money or property is fraudulently obtained is an essential constituent of the offense with which appellants are charged.   Without proof that they knew that the pretense was false, evidently they should not be convicted.   And although the word "knowingly" is not one of the statutory words used in defining the offense, still, as the offense, as defined by the statute, clearly requires that it shall be proved, we think, by the rules of correct pleading, it should be averred in the indictment.   And so it is held by courts of the highest authority and standard commentators.   (Regina *v.* Philpotts, 1 Car. & Kir., 112 ; 2 Bish. Cr. Pro., sec. 172.)

The necessity for such an averment in the indictment has been clearly recognized by this court in the opinion of Mr. Justice Devine in the case of The State *v.* Levi, (41 Tex., 563.)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.