AUGUSTUS S. PENDRY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

A judgment on an indictment for obtaining property under or by reason of false pretenses, which indictment does not contain an allegation that the party was induced to part with the ownership of the property by reason of the alleged false pretenses, will be arrested.

Writ of Error to the Circuit Court for Orange county.
The facts of the case are stated in the opinion.

*Thomas E. Wilson, E. K. Foster, John A. McDonald* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

On the 29th day of May, A. D. 1880, the grand jury, sitting in and for Orange county, presented an indictment against the plaintiff in error for obtaining property under false pretenses. The substance of the charge, as alleged in such indictment, is that the plaintiff in error " unlawfully, knowingly and designedly did falsely pretend to one Fannie L. Medlin that she, the said Fannie L. Medlin, was indebted to the steamer Okehumkee in the sum of $8.90 for freight to the said Augustus S. Pendry, being the agent of said steamboat, claiming authority to collect the amount due for freight, by means of which false pretense the said Augustus S. Pendry did then and there unlawfully obtain from the said Fannie L. Medlin the sum of $8.90 of the money and property of the said Fannie L. Medlin, with intent then and there to cheat and defraud the said Fannie L. Medlin of the sum of $3.90 ; the truth and fact being that the said Fannie L. Medlin did not owe the steamboat Okehumkee $8.90 for freight, but only the sum of $5.25, as the said A. S. Pendry then and there well knew," &c.

The counsel for the defendant moved to quash the indictment so found, and assigned the following reasons therefor :

1st. That there is no averment to falsify the matter of the pretences set out in the indictment by which it can appear to the court that any of the pretences alleged were false.

2d. That the indictment not being for a fraud at common law, there must be some token set up in the indictment besides the bare assertion of the defendant charged to have been used by him in order to effect his fraudulent intent,

such as common prudence would not be sufficient to guard against.

3d. That the indictment is not drawn in conformity with the statute.

4th. That the indictment does not charge that the money was feloniously and designedly obtained.

5th. That the offence, as charged in the indictment, is not indictable at law.

The motion was denied, the defendant plead not guilty, was tried by a jury and convicted. A motion was made for a new trial, which was denied, and then a motion in arrest of judgment, which was also denied.

It appears by the bill of exceptions that exceptions were duly taken on part of the defendant to some portions of the evidence on the trial, to certain portions of the charge of the court, and also to the refusal of the court to charge as requested by the counsel for the defendant.

Seventeen errors are assigned, the first of which is that the court overruled the motion to quash the indictment. This motion should have been granted, and the indictment quashed. The case of Ladd vs. The State, 17 Fla., 215, and the cases there cited, dispose of this case on that ground. It nowhere alleges that Fannie L. Medlin believed the alleged pretenses, or that she parted with her money in consequence of her belief in said pretense, or that she was in any way deceived thereby. It contains no averment that Fannie L. Medlin was induced to part with the ownership of her property by reason of the alleged false pretenses. It is not necessary to examine the other errors alleged, as this disposes of the case.

The judgment must be arrested. It is so ordered.