[No. 1505.]

JERRY MATHENA v. THE STATE.

SWINDLING BY MEANS OF FALSE PRETENSES—PLEADING.—To charge the
offense of swindling by means of false pretenses, the indictment or infor-
mation must set out the particular false pretenses relied upon—must
allege that they were known by the accused to be false, or that, being
false, he knowingly made them—and must allege that the injured party
was induced to part with his property by means of the false pretenses.

APPEAL from the County Court of Matagorda. Tried below be-
fore the Hon. W. S. Stewart, County Judge.

The information charged that by means of false pretenses the
appellant obtained a pair of pantaloons and a shirt, of the ag-
gregate value of five dollars and a quarter, and the property of
George Burkhart.

The result of the trial was the conviction of the appellant,
whose punishment was assessed at a fine of five dollars, and
confinement in the county jail for twenty-four hours.

The evidence for the State was, in substance, that on the day
named in the information, the defendant went into Burkhart's
store in Matagorda, and asked credit for a shirt and pants, say-
ing that he had two bales of cotton in the country, which in a
few days he would deliver on his open store account, to include
these goods; that by these promises Burkhart was induced to
part with the goods; that no cotton was ever delivered accord-
ing to this promise; that defendant owned no land; that after
this prosecution was instituted, defendant proposed to give
Burkhart two horses in payment of his store account; which the
latter declined.

Defendant's mother testified that defendant worked for her
in 1882, for which she was to pay him in cotton. She did not
know how much cotton she made, nor how long he worked.

William Wadsworth testified that defendant hauled three
bales of cotton to Matagorda in 1882, and delivered two bales to
Hodges for his mother. The other bale he took to the bayou.

Isham Ford testified, for defendant, that he was with defendant

when he got the shirt and pants from Burkhart. Witness heard nothing said during the transaction about delivery of cotton by defendant to Burkhart. Witness was with defendant when defendant hauled the three bales of cotton to Matagorda. He, defendant, called the cotton his.

The motion for new trial assailed the verdict as unsupported by the evidence, and denounced the charge of the court, and the action of the court in admitting improper evidence.

The motion in arrest of judgment raised the question involved in the opinion.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. As a charge for the crime of swindling, as defined in our statute (Penal Code, Art. 790), the information in this case is fatally defective in several material respects, and the motion in arrest of judgment should have been sustained.

1. The information does not set out the false pretenses.

2. It does not allege that the pretenses were known by the defendant to be false, or that, being false, he knowingly made them.

3. It does not allege that the injured party was induced to part with his property by means of said false pretenses. Other objections might be urged to the sufficiency of the information, which we will not notice because not so prominent as those mentioned.

Mr. Bishop says: "The indictment must set out a pretense or pretenses which it alleges to be false, and known by defendant to be so, made to a person named for the purpose of defrauding him or another, by means whereof he obtained from the defrauded person some specified thing of value, of a sort included in the statutory inhibition. * * * To charge simply in the statutory words that the thing was obtained by 'false pretenses,' is not adequate. What the particular pretenses were must be stated, both as notice to the defendant of what he is to answer to, and as enabling the court to discern their indictable quality." (2 Bish. Crim, Proc., 3 ed., secs. 163, 165.) Even the common sense indictment bill required the false pretences to be stated. (Gen. Laws 1881, p. 62, form 22.)

In *Maranda* v. *The State*, 44 Texas, 442, it was held that in an indictment for obtaining money or property on false pretenses, it is necessary that it be alleged that the false representations were "knowingly" made.

Whilst it may not be necessary to allege that the prosecutor relied on the false pretenses, nevertheless it has been settled by the best authorities that it is necessary to allege that he was induced by the false representations to part with his goods or money, or to do the thing complained of. (*Baker* v. *The State*, 11 Texas Ct. App., 332; *Buckalew* v. *The State*, 11 Texas Ct. App., 352; Desty's Amer. Crim. Law, sec. 149*a; Epperson* v. *The State*, 42 Texas, 79.)

"A judgment on an indictment for obtaining property under or by reason of false pretenses, which indictment does not contain an allegation that the party was induced to part with the ownership of the property by reason of the alleged false pretenses, will be arrested." (*Pendry* v. *The State*, 18 Fla., 191.)

Because the court erred in not sustaining the motion in arrest, the judgment is reversed; and, because the information is so fatally defective that it charges no offense, the prosecution is dismissed.

*Reversed and dismissed.*