RAYMOND STRICKLAND, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

An indictment under 5134, Laws of 1903, for obtaining property &c. by means of a false statement in writing of one's financial condition must allege that the one parting with the property was deceived by the statement. The ownership of the property so parted with is also a material averment.

This case was decided by Division A.

Writ of Error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the Court.

*Forrester & Burton,* for Plaintiff in Error.

*W. H. Ellis,* Attorney General, and *H. S. Phillips,* State Attorney, for the State.

COCKRELL, J. The indictment, under which the plaintiff in error was convicted was based upon Chapter 5134, Laws of 1903, and omitting the formal opening and conclusion is as follows: "That Raymond Strickland, on

the 7th day of July, A. D. 1904, at and in the County of
DeSoto aforesaid, did unlawfully and with the fraudu-
lent intent of obtaining credit, money, goods, and other
property, from H. E. Snow and T. E. Bryan, co-partners
doing business under the style and firm name of Snow &
Bryan, of Tampa, Florida, make a false    statement in
writing, of his financial condition to the said Snow    &
Bryan, with the intent then and there to defraud the
said Snow & Bryan, which said false statement in writ-
ing was in words and figures substantially following, to-
wit: 'Snow & Bryan, Tampa, Florida.    For the purpose
of obtaining credit now and hereafter for goods purchas-
ed, I herewith submit to you the following    statement of
my resources and liabilities, and will immediately notify
you of any material change in my financial    condition.
In consideration of your granting credit to the undersign-
ed I agree that in case of my failure or insolvency, and in
case I shall make any assignment for the benefit of cred-
itors, bill of sale, mortgage, or other    transfer of    my
property, or shall have my stock attached, receiver ap-
pointed, or should any judgment be entered against me,
then all and any of the    claims which    you    may    have
against me, shall at your option become immediately due
and payable even though the terms of credit have not ex-
pired.    All goods hereafter purchased from you shall be
taken to be purchased subject to the foregoing conditions
as a part of the terms of sale.

Active business assets:

| | |
|---|---|
| Present cash value of merchandise on hand.... | $3000.00 |
| Notes and accounts, cash value, | 1200.00 |
| Cash in hand in bank, about | 600.00 |
| Fixtures, etc. | 300.00 |

Business liabilities:

| | |
|---|---|
| Owe for merchandise | $ 200.00 |

I owe the bank.............................. 1500.00
    Outside assets:
Total real estate, assessed valuation........... 500.00
    Other debts than herein mentioned: None.

Dated July 7th, 1904, Gardner, Florida. Firm signature,                  Raymond Strickland.

Whereas, in truth and in fact, he, the said Raymond Strickland, was then owing more than $1700.00, as by him set forth in the aforesaid statement. He, the said Raymond Strickland, was then and there owing one J. A. Hampton the sum of $2500.00, and he, the said Raymond Strickland, was then and there owing one J. H. Coker, the sum of $1000.00, and he, the said Raymond Strickland, was then and there owing J. H. Coker and J. A. Hampton, jointly, the sum of $822.91; and he, the said Raymond Strickland, was then owing the First National Bank of Arcadia, the sum of $250.00; all of which he, the said Raymond Strickland, then and there well knew; and that the said Raymond Strickland then and there made said false statement in writing to the said Snow & Bryan, for the purpose then and there of obtaining from the said Snow & Bryan, credit, money, goods, and other property of more than the value of $20.00. By color and by means of which false statement aforesaid he, the said Raymond Strickland, did then and there unlawfully, knowingly, and designedly, obtain from the said Snow & Bryan, credit, money, goods and other property of more than the value of $20.00; a further and more particular description of said credit, money, goods and other property, being to the jurors unknown.'"

After verdict there was a motion in arrest of judgment duly interposed but overruled, which attacked the sufficiency of the indictment to charge a crime, alleging among other grounds more or less general, the specific

objections that there was no allegation that there was any one deceived by the alleged false statement in writing and that there is no allegation as to the owneship of the "credit, money, goods and other property" alleged to have been obtained.

That the indictment is fatally defective we think is settled by the former decisions of this court when passing upon indictments framed upon kindred statutes, and after the present statute of jeofails, if it may be so termed, had been passed to prevent the setting aside of indictments on technical grounds, Section 1 of Chapter 5134, defining the crime reads: "That if any person shall make any false statement in writing of his financial condition to any merchant, dealer, bank or other persons with the fraudulent intent of obtaining credit, goods, money or other property, he shall, upon conviction, be punished as if convicted of larceny."

It is evident that the gist of the offense is the deception successfully practiced in order to obtain the credit, money, goods, etc., and not the mere false statement in writing of one's financial condition, which may or may not deceive and effectuate the sinister object, and we do not feel it is a harsh rule that requires the prosecuting officers in framing their indictments or informations to allege distinctly and specifically and not by way of possible inference, the vital elements of the offense. The indictment now before us fails in this particular.

As indicated above we feel that the question is not an open one in this State. In Pendry v. State, 18 Fla. 191, we held an indictment for obtaining property under false pretenses fatally defective because it failed to allege that the party was induced to part with the ownership of his property by reason of the alleged false pretenses. To the same effect is the case of Ladd v. State, 17 Fla. 215.

What we have said disposes of the case and renders it unnecessary to pass upon the other ground of the motion, but that there is danger in omitting an allegation of "ownership" is shown by a reading of the opinion in Moulie v. State, 37 Fla. 321, 20 South. Rep. 554.

The cause is reversed with directions to arrest the judgment.

SHACKLEFORD, C. J. and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.