HARDY WEBB, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed June 7, 1915.

1. An indictment for obtaining property by false pretenses should allege specifically and clearly the ownership of the property alleged to have been obtained, to be in the person alleged to have been deceived by such pretenses, or in a person or corporation for whom the person deceived was acting in the transaction.

2. In an indictment for obtaining property by false pretenses, an allegation of the ownership of the property obtained is one not affecting the form, but the substance of it, and an omission to allege such ownership is fatal to the indictment.

Writ of error to Circuit Court for Jackson County; D. J. Jones, Judge.

Judgment reversed.

*Calhoun & Pledger* and *John H. Carter,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was indicted by the grand jury of Jackson county on the 4th day of December, A. D. 1914, for obtaining property by false pretenses. The indictment omitting the venue, title and signature is as follows:

*"In the Name and by the Authority of the State of Florida:*

*The Grand Jurors of the State of Florida,* empaneled and sworn to enquire and true presentment make in and for the body of the County of Jackson upon their oath do present that Hardy Webb of the County of Jackson and of the State of Florida, on the 14th day of March in the year of our Lord One Thousand Nine Hundred and Fourteen in the County and State aforesaid, did unlawfully, feloniously, falsely and designedly represent to, and then and there falsely say and pretend to C. M. Fellows that he and the said Hardy Webb was then and there the owner of and had lawful authority to moregage and pledge one mare mule, a better description of said Mule being to the Grand Jurors unknown, and the said C. M. Fellows did then and there verily believe the representation so made by the said Hardy Webb and the said Hardy Webb did then and there make, and execute a chattel mortgage in favor of the said C. M. Fellows for the sum of $27.50 and deliver the said mortgage in which the said mule was then and there pledged to the said C. M. Fellows and did then and there obtain from the said C. M. Fellows upon the strength of the said false representations as aforesaid one trade book of the value of five dollars and credit for the

balance of the said amount of $27.50 to be traded out and received in merchandise thereafter. And the said C. M. Fellows then and there believing and relying solely upon the said representation that the said mule was the property of the said Hardy Webb and that the said Hardy Webb had lawful authority to pledge and mortgage the said mule, took said mortgage and delivered to Hardy Webb the said trade book of the value of five dollars and afterwards allowed the said Hardy Webb to receive and have in merchandise the value of the balance of the said sum of $27.50. When in truth and in fact the said Hardy Webb did not own the said mule and did not have lawful authority to pledge and mortgage said mule, but the title to said mule was then and there in J. W. Hinson, and the said Hardy Webb then and there well knew that he did not own said mule and knew the truth to be that the title to said mule was then and there in J. W. Hinson, and the said Hardy Webb then and there made the said false representations with intent to and did defraud the said C. M. Fellows out of the value of the said sum of five dollars, the value of the said trade book as aforesaid and out of the merchandise of the value of the balance of the sum of $27.50 to-wit, of the value of $22.50, he the said Hardy Webb then and there well knowing that he had no lawful authority to mortgage or pledge the said mule to the said C. M. Fellows as aforesaid.

Against the form of the Statute in such cases made and provided, to the evil example of all others in like case offending and against the peace and dignity of the State of Florida."

To this indictment the defendant by his attorney interposed the following motion to quash:

"Defendant moves the Court to quash the indictment herein on the following grounds, to-wit:

1.   Said indictment is vague indefinite and uncertain and insufficient.

2. · Said indictment is so framed as to hinder and embarrass defendant in a fair trial.

3.   Said indictment fails to set out the items of personal property referred to as merchandise.

4.   Said indictment fails to say by or upon whom said trade book was to be traded nor does it show that said trade book was a negotiable instrument.

5.   The indictment fails to allege the ownership of the property alleged to have been ·obtained by false pretense.

Jan. 7, 1915.          · J. M. Calhoun, Def't's. Atty."

The motion was denied, the defendant pleaded not guilty, was tried, convicted and sentenced. A writ of error was taken to the judgment, and five errors are assigned.

The first of these assignments which was based upon the order of the court overruling the motion to quash the indictment, we think is sustained.

In an indictment for obtaining property by false pretenses, it is essential to allege specifically, clearly the ownership of the property obtained by means of the false pretenses to be in the person who was deceived by such pretenses, or in a person or corporation for whom the person deceived was acting in the transaction. This alle-

gation is essential to preclude the idea that the defendant may have obtained his own property, and this court will not supply by inference a material fact which should be alleged. The allegation of ownership of the property obtained is one not affecting the form of the indictment, but the substance of it. Ladd v. State, 17 Fla. 215; Jones v. State, 22 Fla. 532; Moulie v. State, 37 Fla. 321, 20 South. Rep. 554; Anderson v. State, 38 Fla. 3, 20 South. Rep. 765; Strickland v. State, 51 Fla. 129, 40 South. Rep. 178; Cook v. State, 51 Fla. 36, 36 South. Rep. 490.

The indictment should also have described with greater particularity the goods alleged to have been obtained. This precaution is necessary to avoid subjecting the defendant to another prosecution for the same offense.

The judgment is reversed, with directions to quash the indictment.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND WHITFIELD, JJ., concur.