CHARLIE PRUITT, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion filed March 19, 1918.

1. Indictments should be upheld where the crime charged is substantially in the language of the statue denouncing it and the allegations are not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.

2. An indictment charging the defendant with obtaining money under false pretense should directly and clearly allege that the person from whom the money or other thing of value was received was deceived by the false pretense or false token. Deception is an essential element of the statutory crime of obtaining money under false pretenses, and should not be left to inference in an indictment charging such an offense.

3. An indictment for obtaining money under false pretenses which describes the false token used as "a certain printed or lithographed paper" resembling an "ordinary twenty dollar bill of the United States of America" is a sufficient description of the false token alleged to have been used by the defendant.

Writ of Error to Circuit Court for Pinellas County, O. K. Reaves, Judge.

Judgment reversed.

*John U. Bird,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was indicted by the grand jury of Pinellas county upon the charge of obtaining money from one Cy Matthews under false pretenses. Upon a trial the plaintiff in error was convicted and seeks a reversal here upon writ of error.

The question presented here is the sufficiency of the indictment.

Omitting the formal parts the indictment is as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

"The Grand Juror of the State of Florida, impaneled and sworn to inquire and true presentment make in and for the body of the County of Pinellas, upon their oath do present that Charley Pruitt, late of the County of Pinellas and State of Florida, on the first day of May in the year of our Lord, one thousand nine hundred and seventeen, in the County and State aforesaid unlawfully and designedly did falsely pretend to one Cy Matthews, he the said Cy Matthews being then and there a negro who was unable to read, that a certain printed or lithographed paper, said paper resembling an ordinary twenty dollar bill of the United States of America, but being printed or lithographed in a language other than the

29—Vol. 75

English language and the Grand Jurors being unable to set forth in words and figures the said paper in the English language, and a further and more particular description of said printed or lithographed paper being to the Grand Jurors unknown, was a good and valid twenty dollar note money current of the United States of America and of the value of twenty dollars in money current of the United States of America; that the said printed or lithographed paper was offered and given to the said Cy Matthews by the said Charley Pruitt in payment for the transporting of him the said Charley Pruitt, and one John Padilla from Tarpon Springs, Florida, to Dunedin, Florida, in an automobile by him the said Cy Matthews and in further payment for money current of the United States of America of the value of sixteen dollars and fifty cents, the denominations of said money being to the Grand Jurors unknown; that the said printed or lithographed paper was so given to the said Cy Matthews by the said Charley Pruitt in the night time when the said Cy Matthews could not see the said paper distinctly enough to know its true character, by means of which said false pretense he the said Charley Pruitt did on the first day of May in the year of our Lord one thousand nine hundred and seventeen in the County of Pinellas and State of Florida obtain from the said Cy Matthews property, to-wit: money of the value of sixteen dollars and fifty cents in money current of the United States of America, the denominations of which being to the Grand Jurors unknown, of the moneys and property of him the said Cy Matthews with intent then and there to defraud him the said Cy Matthews; whereas in truth and in fact the said printed or lithographed paper was not a good and valid twenty dollar note money current of the United States of America and was not of the value of twenty dollars money

current of the United States of America and this the said Charley Pruitt then and there well knew; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida."

The points argued in the briefs of counsel and which were presented by the motions to quash and in arrest of judgment are: First, the lithographed paper should have been set out or copied in the indictment; second, the indictment does not allege that Cy Matthews was deceived by the alleged false pretenses, nor that he parted with his property by reason thereof; third, that the false pretenses used were not described nor alleged in which way they were made, and, fourth, that the property obtained by defendant was not described in the indictment.

The section of the statute upon which the indictment was framed provides that whoever designedly by a false pretense, or by a privy or false token and with intent to defraud, obtains from another person any property, shall be punished by imprisonment in the State prison. Sec. 3319 Gen. Stats. 1906, Compiled Laws, 1914.

Section 3962 of the General Statutes of Florida provides that no indictment shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoiner of offenses or for any cause whatsoever unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.

In construing this section this court has said in substance that it is the policy of this court as it evidently was of the legislature in enacting Sections 3962 and 3961 of the General Statutes that indictments should be upheld

where the crime charged is substantially in the language of the statute denouncing it, and the allegations are not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense. See Barber v. State, 52 Fla. 5, 42 South. Rep. 86; Lewis v. State, 55 Fla. 54, 45 South. Rep. 998; Tillman v. State, 58 Fla. 113, 50 South. Rep. 675; Douglass v· State, 53 Fla. 27, 43 South. Rep. 424; Wolf v. State, 72 Fla. 572, 73 South. Rep. 740.

Section 3961 General Statutes provides that every indictment shall be deemed and adjudged good which charges the crime substantially in the language of the statute prohibiting the crime, or prescribing the punishment if any there be, or if at common law so plainly that the nature of the offense charged may be easily understood by the jury.

Where an offense is charged in language substantially the same as that contained in the act denouncing the offense the indictment is sufficient if it acquaints the accused with the nature and cause of the accusation against him. See Stutts v. State, 52 Fla. 110, 42 South. Rep. 51; Schley v· State, 48 Fla. 53, 37 South. Rep. 518; Dickens v. State, 50 Fla. 17, 38 South. Rep. 909; Robinson v. State, 69 Fla. 521, 68 South. Rep. 649, L. R. A. (N.S.) 1915 E, 1215.

The crime of obtaining money under false pretenses is a statutory offense. Turning to the indictment we find that it charges that the defendant offered to Cy Matthews a certain lithographed paper which resembled an ordinary "twenty dollar bill of the United States of America." The omission of the word "currency" does not render the allegation so vague as to mislead. The lithographed bill

resembled currency of the United States of that denomina-
tion is clearly the meaning of the words.    That the defen-
dant unlawfully, designedly and falsely pretended to Cy
Matthews that the lithographed paper was a good and val-
id "twenty dollar note money current of the United States
of America and of the value of twenty dollars."    That
by means of the false pretense  the  defendant obtained
from Matthews sixteen dollars and fifty cents in money
of the property of Matthews and of that value, with in-
tent to defraud him.    This is in substance the indict-
ment, and  it nowhere  alleges  that Cy Matthews was
deceived by  the pretended  paper money.  *Non constat*
Matthews knew that the paper was not valid currency of
the United States; in which case he was not deceived, and
deception is an essential element of the statutory crime
of obtaining money by false  pretenses.    See  Ladd  v.
State, 17 Fla. 215; Pendry v. State, 18 Fla. 191; Strick-
land v. State, 51 Fla. 129, 40 South. Rep. 178; Cook v.
State, 51 Fla. 36, 40 South. Rep. 490.

It does not follow that because a man parts with his
money in exchange for a false token that he is deceived
by the pretense.

We think that the indictment  in other  respects was
sufficient.    It was unnecessary to set out *in haec verba*
the pretended paper money  or make an  accurate pen
sketch of it in the indictment, therefore  the allegation
that the false token bore words upon it in a language
other than English which the jurors could not translate
into English was immaterial.    The paper was sufficient-
ly described by the allegation  of its  resemblance to a
twenty dollar bill of United States currency.    It is also
sufficiently clear to satisfy the statute that the false pre-
tense was made by offering to pass or uttering the paper,
which we think sufficiently shows an intention to pass

current that which was of little or no value. The description of the property obtained was also sufficient in our opinion.

The indictment however was fatally defective in not alleging that Matthews was deceived by the false token, because as we said such is an element of the offense a necessary ingredient and unless alleged the offense as denounced by the statute is not sufficiently charged.

This court has repeatedly held that in such cases the indictment should contain an averment that the person parting with money or goods in exchange for the false token was induced to part with the ownership of his property by reason of his belief in the token or pretense, or that he was deceived thereby.

The gist of the offense is the deception successfully practiced in order to obtain the credit, money, goods, etc., and said this court, speaking through Mr. Justice COCK-RELL, in Strickland v. State, *supra*, it is not a harsh rule that requires the "prosecuting officers in framing their indictments or informations to allege distinctly and not by way of possible inference the vital elements of the offense."

The purpose of the statute being to punish the offense of obtaining goods or money or anything of value by practicing upon the belief of others in the value of the token offered in exchange, it follows that no offense is committed if the person who parts with his money knows that the token offered or pretense is false but carries out the form of the transaction for an ulterior purpose.

The motion to quash the indictment should have been granted, so the judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.