MEYER SILBERSTEIN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division  B.

Opinion  Filed  January  21,  1927.

1. An  indictment  for  obtaining  property  by  false  pretenses should  allege  specifically  and  clearly  the  ownership  of  the property  alleged  to  have  been  obtained,  to  be  in  the  person alleged  to  have  been  deceived  by  such  pretenses,  or  in  a person  or  corporation  for  whom  the  person  deceived  was acting  in  the  transaction.

2. In  an  indictment  for  obtaining  the  property  by  false  pretenses,  an  allegation  of  the  ownership  of  the  property  obtained  is  one  not  affecting  the  form,  but  the  substance  of it,  and  an  omission  to  allege  such  ownership  is  fatal  to  the indictment.

A  Writ  of  Error  to  the  Criminal  Court  of  Record  for Dade  County;  Tom  Norfleet,  Judge.

*Bart A. Riley* and *M. H. Rosenhouse,* for  Plaintiff  in Error;

*J. B. Johnson,* Attorney General, and *R. R. Taylor, Jr.,* County Solicitor, for the State.

PER CURIAM.—The information herein charging the obtaining of money from R. Rappaport by false pretense in a land sale transaction does not allege the ownership of the money, Webb v. State, 69 Fla. 697, 68 South. Rep. 943, and the information alleges that the defendant represented that the Green Silver Realty Company was the owner of the land, which company was not the owner of the land, while the instrument signed by R. Rappaport as purchaser, on which the prosecution is predicated, is signed for "Gertrude Estates Corporation" as the owner of the land.

Reversed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.