B. A. Lopez, *Plaintiff in Error,* v. The State of Florida, *Defendant in Error.*

Division B.

Opinion filed December 22, 1928.

*Abbott & Gaulden* and *Fred M. Valz,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General and *H. E. Carter,* Assistant, for the State.

814

BUFORD, J.—The plaintiff in error was convicted in the Criminal Court of Record of Palm Beach County, Florida, under an information in the following language, to-wit:

"In the name and by Authority of the State of Florida; W. E. Roebuck, County Solicitor for the County of Palm Beach, prosecuting for the State of Florida in the said county under oath, information makes that B. A. Lopez of the County of Palm Beach, and State of Florida, on the 19th day of March in the year of our Lord, one thousand nine hundred and twenty-six in the County and State aforesaid, did then and there designedly and by false pretense and with intent to defraud the City of West Palm Beach, a municipal corporation organized and existing under the laws of the State of Florida, obtain from the said City of West Palm Beach aforesaid, one certain bank check or order for money in the sum of Eight Thousand Two Hundred Eighty-Nine and 63/100 ($8,289.63) Dollars, lawful money of the United States of America, of the goods, property and chattels of the said City of West Palm Beach aforesaid, that is to say that the said B. A. Lopez falsely and fraudulently represented unto the said City of West Palm Beach aforesaid that there was still due to the said B. A. Lopez from the said City of West Palm Beach aforesaid, the sum of Eight Thousand Two Hundred Eighty-Nine and 63/100 ($8,289.63) Dollars on account of certain material and labor furnished to the said city of West Palm Beach aforesaid, with ten (10%) per cent profit to the said B. A. Lopez, used in beautifying and improving the Central School grounds of the West Palm Beach School, and the said City of West Palm Beach aforesaid, acting by and through the officials thereof, believed said representa-

tions and pretenses to be true and relied upon same and by reason of said representations and pretenses did then and there give to the said B. A. Lopez the said bank check or order for money, that in truth and in fact there was not due to the said B. A. Lopez the said sum of Eight Thousand Two Hundred Eighty-Nine and 63/100 ($8,289.63) Dollars upon account of said material and labor furnished, together with ten (10%) per cent profit thereon, that the said B. A. Lopez when making such representations and pretenses aforesaid, then and there well knew the same were false when he so made them and that the said B. A. Lopez, knowing the same to be false, did then and there knowingly, wilfully and intentionally make said representations and pretenses with intent then and there to defraud the said City of West Palm Beach aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida,''

and sued out writ of error.

There are a number of questions presented by the assignments of errors in this case, but it is only necessary for the Court to consider the question which was raised by motion in arrest of judgment. The information upon which the plaintiff in error was convicted is fatally defective and, among other things, is so defective in that it is not alleged in the information that the bank check or order for money was delivered to Lopez by the City of West Palm Beach by reason of the City of West Palm Beach having been deceived by the false representations alleged to have been made by Lopez and being deceived by them. The information charges that ''Said City of West Palm Beach aforesaid, acting by and throught the officials thereof, believed said representations and pretenses to be true and relied

upon the same and by reason of said representations and pretenses did then and there give to the said B. A. Lopez the said bank check or order for money.'' The information does not allege that the City of West Palm Beach or its officials, or either of them, were deceived by the false representations aleged to have been made. In Pruitt v. State, 75 Fla. 448, 78 So. R. 425, this Court say:

"An indictment charging the defendant with obtaining money under false pretense should directly and clearly allege that the persons from whom the money or other thing of value was received was deceived by the false pretense or false token. Deception is an essential element of the statutory crime of obtaining money under false pretenses, and should not be left to inference in an indictment charging such an offense.''

The information does not allege any casual connection between the alleged false pretense and the alleged loss and, on the contrary, the allegations of the information show that there could have been no causal connection between the alleged false pretense and the loss and there was no natural connection between the two.

The City of West Palm Beach could not lawfully be required to furnish material and labor to be used in beautifying and improving the grounds of a county public school within such municipality. See Brown v. City of Lakeland, 61 Fla. 508, 54 So. R. 716; Monroe v. Reeves, 71 Fla. 612, 71 So. R. 922.

In Clifton v. State, 76 Fla. 244, 79 So. R. 707, this Court say:

"An indictment against one for obtaining money by false pretenses should allege the connection or rela-

tion between the representation or statement and the delivery of the property by the prosecutor, when it does not appear that there is a natural connection between the two.

"A false statement or representation of a fact by one person to another for the purpose of obtaining property from the latter, must be of such nature or character as that if the fact was to be represented it would place upon the latter a duty, obligation or desire to part with the property demanded. This is the so-called causal relation between the representation or statement and the delivery of the property and is an essential element of the crime of obtaining money or property by false pretenses.

"In an indictment for obtaining property by false pretenses it is not sufficient to allege merely that the defendant's statement or representation induced the prosecutor to part with his property, but the causal relation must either appear because of the natural connection between the statement and the delivery of the property or it must be alleged specifically.

"Public boards or commissions charged by law with disbursing public moneys have no lawful authority to part with the public money in their charge except for the purposes designated by law. A statement of fact, therefore, made to such board which does not place upon the board under the law the duty or obligation to disburse the public fund or a portion of it in their charge cannot in law be made the subject of a false representation so as to constitute the crime of obtaining money or property by such means."

The record discloses that "Central School grounds of the West Palm Beach School" was public school property belonging to the County of Palm Beach.

818

The motion in arrest of judgment should have been granted.

The judgment is reversed.

Reversed.

WHITFIELD, P. J. AND TERRELL, J., concur.

STRUM AND BROWN, J. J., concur in the opinion and judgment.

ELLIS, C. J., takes no part.

Opinion filed December 22, 1928.