CAROLINE ANTROBUS, *Plaintiff in Error,* vs. THE STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion filed May 27, 1931.

*Leo Rosen,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

GRAY, Circuit Judge.—The Plaintiff in Error was convicted in the Criminal Court of Record of Dade County, Florida, of the crime of obtaining money by false pretenses. The information was in two counts but there was an election by the State to stand upon the first count of the information. The first count of the information is in the following language, to-wit:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA:

G. E. McCaskill, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that Caroline

Antrobus of the County of Dade and State of Florida, on the 15th day of January, in the year of our Lord, One Thousand Nine Hundred and Twenty-Nine, in the County and State aforesaid, did designedly, by a false pretense and by a privy and false token and with intent to defraud Modjeska F. Thayer, obtained from Modjeska F. Thayer her property, to-wit: Fifteen Hundred Dollars, lawful money of the United States of America, of the value of Fifteen Hundred Dollars, a better and more particular description of which is to the County Solicitor unknown, in that on the date aforesaid defendant pretended to said Modjeska F. Thayer that she, the said defendant, was the sole owner of a business consisting of the operation of the Paramount Hotel at 22 Southeast First Avenue, Miami, Florida; that she has no partner or partners in the conduct of said business and then and there offered to enter into a partnership relation with said Modjeska F. Thayer for the conduct of said business, upon the said Modjeska F. Thayer paying to her, the defendant Fifteen Hundred Dollars for a one-third interest in said proposed partnership, the said Modjeska F. Thayer to participate in said business to the extent of a one-third interest and the defendant to the other two-thirds interest; that said pretenses, at the time made, were untrue; that the defendant knew them to be untrue at the time.

Whereas, in truth and in fact, said defendant, at the time of making of said pretenses, had as partners in the conduct of said business E. C. Loveland and Mrs. E. C. Loveland, husband and wife, who, together, had a one-half interest in said partnership; that the said Modjeska F. Thayer, believed said pretenses to be true, and acting upon the belief that they were true, paid to said defendant said Fifteen Hundred Dollars and accepted said offer of said defendant; that said Modjeska F. Thayer would not have paid to said defendant said Fifteen

Hundred Dollars had she at the time known that the defendant had in the conduct of said business the afore-alleged partners, and that said pretenses made by said defendant were made by said defendant with intent to defraud and injure and did injure and defraud said Modjeska F. Thayer, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida.''

Several assignments of error were presented in this case but it is only necessary to consider the second assignment of error, which is ''that the Court erred in denying the defendant's Motion in Arrest of Judgment.''

A Motion to Quash the information was duly presented and denied by the Trial Court. The question of the sufficiency of the information in this case is raised both by Motion to Quash and in Arrest of Judgment.

The first count fails to allege or charge that the party alleged to have been defrauded was deceived by false pretenses or representations.

''Deception is an essential element of the statutory crime of obtaining money under false pretenses and should not be left to inference in indictments charging such an offense.''

PRUITT-VS-STATE, 75 Fla. 448.

It will be noted that the first count of the information merely alleges that Modjeska F. Thayer believed such false pretenses to be true, and acting upon the belief that they were true, paid the defendant certain money set forth in the information.

This language does not charge that the party alleged to have been defrauded was deceived by the false pretenses or representations.

The language in the information in this case is almost identical with the language in the information in the case

of LOPEZ-VS-STATE, 96 Fla. 813, which language was held by this Court not sufficient to charge that the person from whom the money was obtained was deceived by the false pretenses and representations.

The Motion in Arrest of the Judgment should have been granted.

The judgment is reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., disqualified.